UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

Case No: 10-CV-60059 HUCK/O'Sullivan

IMMEDIATE CAPITAL GROUP, INC.,
A Florida corporation, d/b/a INCREDIBLE
DISCOVERIES,

    Plaintiff,

v.

SPONGETECH DELIVERY SYSTEM,
INC., a Delaware corporation,

    Defendant.
_____/

## MOTION TO DISMISS FIRST AMENDED COMPLAINT

Defendant, SPONGETECH DELIVERY SYSTEMS, INC. ("Spongetech"), pursuant to Fed. R. Civ. P. 12(b)(6) moves to dismiss Counts II, III, IV, and V of the First Amended Complaint ("Amended Complaint") [DE-18], and states as follows:

## PRELIMINARY STATEMENT

Plaintiff, IMMEDIATE CAPITAL GROUP, INC., d/b/a INCREDIBLE DISCOVERIES, ("ICG") has sued Spongetech for Breach of Contract, Open Account, Accounting, Equitable Lien, and Unjust Enrichment. Following ICG's initial complaint, Spongetech filed an Answer and Affirmative Defenses [DE-13]. ICG filed a Motion to Strike [DE-14] Spongetech's Affirmative Defenses, arguing in part that Spongetech should have made its argument through a motion to dismiss. See Motion to Strike ¶ 6. Prior to resolution of ICG's Motion to Strike, ICG brought its unopposed Motion to Amend Complaint [DE-17]. Spongetech now moves to dismiss Counts II, III, IV, and V of ICG's Amended Complaint.

## FACTS

Spongetech and ICG entered into contracts involving the production of commercials promoting Spongetech's products. See Amended Complaint ¶¶ 10-11. Under these contracts, ICG was obligated to produce short-form commercials for Spongetech. See Amended Complaint ¶ 11. ICG references these contracts as "Agreements," purportedly attached to the Amended Complaint as "Composite Exhibit A" thereto. See Amended Complaint ¶¶ 7, 10, 11, 36.[1] ICG alleges that Spongetech breached the Agreements by failing to pay all amounts due under the written contracts. See Amended Complaint ¶¶ 12, 22.

## ARGUMENT

**A.     Standard Of Review.**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the Plaintiffs' claim for relief. Ventrassist Ply Ltd. v. Heartware, Inc., 377 F. Supp. 2d 1278, 1285 (S.D. Fla. 2005). The Court, assuming all facts alleged by Plaintiffs to be true, must determine whether a cause of action exists. Mills v. Foremost Ins. Co., 511 F.3d 1300, 1303 (11th Cir. 2008). Despite the fact that the court, when considering a motion to dismiss, must construe the complaint in the light most favorable to the plaintiff, In re Southeast Banking Corp. Securities and Loan Loss Reserve Litigation, 147 F. Supp. 2d 1348, 1352 (S.D. Fla. 2001);[2] the plaintiff's burden of providing the grounds for an entitlement to relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Moreover, the plaintiffs' factual allegations, although assumed to be true, "must be enough to raise a right to relief above the speculative

---

[1] ICG also references "Royalty payments" attached as "Composite Exhibit B." ICG did not attach Composite Exhibit A nor Composite Exhibit B to the Amended Complaint. For the purposes of this Motion, Spongetech assumes ICG is referring to the same Exhibit A and Exhibit B that ICG attached to the original Complaint [DE-1] in this action.

[2] Citing SEC v. ESM Group, Inc., 835 F.2d 270, 272 (11th Cir. 1988), *cert. denied sub nom.*

level." Id.

### B.   Open Account Claim Fails Where Express Contract Exists

An open account is an unpaid debt, which arises from services performed or goods delivered with the expectation of additional subsequent transactions, which would be subject to future settlement and adjustment. See Morse, LLC v. United Wisconsin Life Ins. Co., 356 F. Supp. 2d 1296, 1299-1300 (S.D. Fla. 2005) (holding that the elements of open account were not met, where the count incorporated allegations that an express contract existed). An action for open account "should not include express contracts or other obligations that have been reduced to writing." Id. (citing H & H Design Builders, Inc. v. Travelers' Indem. Co., 639 So. 2d 697, 700 (Fla. 5th DCA 1994)).

> An obligation does not become an 'open account' simply because the amount due under a contract requires calculation. An obligee under a contract cannot avoid the requirement of pleading and proving a cause of action based on a contract by placing its demand on a 'statement of account' and mailing it to the obligor.

H & H Design Builders, Inc. v. Travelers' Indem. Co., 639 So. 2d 697, 700 (Fla. 5th DCA 1994) (holding that action under contract could not be brought as open account claim merely because the plaintiff mails the defendant a statement showing the amount demanded). ICG has pled the existence of an express contract and incorporated this allegation into its open account claim. See Amended Complaint ¶¶ 10, 24. ICG has not attached, incorporated, or referenced an invoice or statement sent to Spongetech that remains unpaid. In fact, ICG has not even pled that an unpaid invoice or statement exists. Therefore, an action for open account is improper and should be dismissed.

### C.   Failure To Plead Elements For Accounting

Under Florida law, to plead an action for an equitable accounting, the plaintiff must show

that: (1) a fiduciary relationship exists or that the transactions at issue are complex; and (2) the remedy at law is inadequate. American United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1071 (11th Cir. 2007). Where legal claims are brought simultaneously, an equitable accounting claim requires a showing that the accounts between the parties are so complicated that only a court of equity, and not a jury, can unravel them. Managed Care Solutions v. Essent Healthcare, Inc., No. 09-60351-PAS, 2010 WL 309038 at *4 (S.D. Fla. Jan. 25, 2010) (citation omitted). This burden is increased in federal court because district courts can appoint special masters to assist juries, and "it will indeed be a rare case in which it [the burden] can be met." Id. at *4 (citing Dairy Queen, Inc. v. Wood, 369 U.S. 469, 478 (1962)). Furthermore, pleading conclusory allegations that the transaction was complicated will not trump other factual allegations in the complaint to the contrary. Id. Finally, an accounting claim is not appropriate where a party will be able to prove its damage claim through information learned in discovery. Id. at *5.

ICG's accounting claim fails to meet either element required to bring this cause of action. First, ICG has failed to show that the transaction was complex or that a fiduciary relationship existed between the parties. In fact, ICG alleges that it was simply entitled to a percentage of sales under the written contracts. See Amended Complaint ¶ 11. As alleged, the facts evince an arms-length transaction between a seller willing to produce commercials and a buyer willing to pay for the production. ICG does not allege any facts to show a special relationship between these contracting parties. The conclusory allegations that this transaction was complex and that fiduciary relationships existed are insufficient to plead a claim for accounting. See Amended Complaint ¶ 31. Secondly, ICG has failed to show the remedy at law is inadequate. If ICG is able to prove its claim, the injury will be remedied with money damages and the amount of damages will be calculated based on the information it learns through discovery.

Thus, an action for accounting is not appropriate here because, as shown by the allegations of the Amended Complaint, the transaction was not complex and no fiduciary relationship existed. See Amended Complaint ¶ 11 (alleging that ICG was to be paid a percentage on sales less returns or uncollectable amounts). Moreover, if ICG is able to prove its breach of contract claim, the remedy at law will be adequate. Therefore, the parties were not in a fiduciary relationship, the transaction was not complex, and if ICG prevails, the remedy at law would be adequate. Accordingly, ICG's accounting claim should be dismissed because the ICG has not adequately pled either element for an equitable accounting claim.

**D.    Action For Equitable Lien Fails Where Adequate Remedy At Law Exists**

> Under Florida law, equitable liens may be founded upon two bases; (i) a written contract that indicates an intention to charge a particular property with a debt or obligation; or, (ii) a declaration by a court out of general considerations of right or justice as applied to the particular circumstances of a case.

See Degirmenci, 2010 WL 342256, at *15 (refusing to grant an equitable lien because the written contract provided no evidence of an intent to create a lien on the property); see also In re Performance Leasing Corp., of Collier County, 385 B.R. 317, 325-26 (Bankr. M.D. Fla. 2008) (stating that an equitable lien is a "right granted by a court of equity, arising by reason of the conduct of the parties affected, that would entitle one party as a matter of equity to proceed against certain **property**") (emphasis added). An equitable lien is an extraordinary remedy that should **not** be used when the remedy at law is adequate. See Ben-Yishay v. Mastercraft Development, LLC, 553 F. Supp. 2d 1360, 1373 (S.D. Fla. 2008) (dismissing plaintiffs' claim for an equitable lien where plaintiffs had no special right to the property and where an adequate remedy at law existed); In re Johnson, 336 B.R. 568, 571 (Bankr. S.D. Fla. 2006) (recognizing that an equitable lien is an extraordinary remedy, which should only be applied where the law

fails to give relief and injustice would result if the lien was not imposed). Moreover, equitable liens apply to real property. See Ben-Yishay, 553 F. Supp. 2d at 1373 (stating an "equitable lien is 'a charge or encumbrance upon the **land** …'") (emphasis added).

ICG alleges that the written contract demonstrate an "intention to charge a Royalty to DEFENDANT for Services and produce provided to DEFENDANT, and an obligation by DEFENDANT to pay Royalties that is attached to the sale of each SPONGETECH Product sold." See Amended Complaint ¶ 36. ICG improperly characterizes the language of the written contracts as an intention to charge property with a debt or obligation. At most, the contract evinces an intention to calculate the amount to be paid as consideration for ICG's services under the contract. The contract does not create an expressed lien or security interest in the products sold by Spongetech nor the profits from those sales. Furthermore, granting an equitable lien would be inappropriate because equitable liens are applied to real property. Courts do not impose this extraordinary remedy in the absence of fraudulent or inequitable behavior that benefits, improves, or funds the purchase of real property. See In re Johnson, 336 B.R. at 571-72; In re Performance Leasing Corp., of Collier County, 385 B.R. at 326.

Moreover, under the allegations in Count I of ICG's Amended Complaint, which are assumed to be true for purposes of this Motion to Dismiss, any damages would be calculated in monetary terms. Thus, an equitable lien is inappropriate because ICG has no special rights in the products, these products are not land, and money damages would adequately remedy any damage from the alleged breach of contract. See Ben-Yishay, 553 F. Supp. 2d at 1373; In re Johnson, 336 B.R. at 571. ICG's count for an equitable lien fails because money damages provides an adequate remedy at law, if any breach of the express contract is proven. See Amended Complaint ¶¶ 22-23. Accordingly, ICG's claim for an equitable lien should be dismissed.

BOC36,752,926 v4 123201.010400

6

### E.     Unjust Enrichment Claim Fails Where Express Contract Exists

To state a cause of action for unjust enrichment, the plaintiff must allege that: (1) the plaintiff conferred a benefit upon the defendant; (2) the defendant knew of the benefit; (3) the defendant accepted or retained the benefit; and (4) that inequity would result if the defendant were allowed to retain the benefit without paying the plaintiff for it.  See Degirmenci, 2010 WL 342256, at *15.  However, under Florida law, an action for unjust enrichment cannot stand where an express contract exists.  Id. (citing Tracfone Wireless, Inc. v. Access Telecom., Inc., 642 F. Supp. 2d 1354, 1366 (S.D. Fla. 2009)).  In this case ICG has pled the existence of written contracts.  See Amended Complaint ¶ 10.  ICG has incorporated this allegation of an express written contract into its unjust enrichment claim.  See Amended Complaint ¶ 40.  While Spongetech contests ICG's allegations of breach, Spongetech has not contested the existence of these contracts.  Thus, ICG's claim for unjust enrichment must be dismissed under Florida law because an express contract exists.

### CONCLUSION

Counts II, III, IV, and V of ICG's Complaint should be dismissed for failure to state a claim and the reasons set forth above.

Dated: March 26, 2010
         Boca Raton, Florida

GREENBERG TRAURIG, P.A.
*Counsel for Defendant*
5100 Town Center Circle, Suite 400
Boca Raton, Florida  33486
Telephone:  561.955.7629
Facsimile:   561.338.7099


/s/ Stephen A. Mendelsohn
Florida Bar No:  849324
*mendelsohns@gtlaw.com*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed and served via CM/ECF this 26th day of March, 2010 on the undersigned counsel for the Plaintiff.

Patricia Klein, Esquire
*patriciak@pkleinlaw.com*
PATRICIA KLEIN, P.A.
2001 W. Sample Road
Suite 412
Pompano Beach, Florida  33064
Phone:  (954) 935-3171

/s/ Stephen A. Mendelsohn
GREENBERG TRAURIG, P.A.
*Counsel for Defendant*
5100 Town Center Circle, Suite 400
Boca Raton, Florida  33486
Telephone:  561.955.7629
Facsimile:   561.338.7099
*mendelsohns@gtlaw.com*