UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

CASE NO. 10-CV-60059 – HUCK/O'Sullivan

IMMEDIATE CAPITAL GROUP, INC., a )
Florida Corporation, d/b/a INCREDIBLE )
DISCOVERIES, )
    Plaintiff, )
v. )
 )
SPONGETECH DELIVERY SYSTEM, )
INC., a Delaware corporation, )
    Defendant. )
_____)

### RESPONSE TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW, Plaintiff, IMMEDIATE CAPITAL GROUP, INC., and hereby files its Response to Defendant SPONGETECH DELIVERY SYSTEM's Motion to Dismiss Plaintiff's First Amended Complaint, and alleges as follows:

1. On or about March 26, 2010, the Defendant, SPONGETECH DELIVERY SYSTEM, INC., (hereinafter "DEFENDANT") filed their Motion to Dismiss, contesting the fact that Plaintiff has filed alternative pleadings, and alleging that Plaintiff has failed to sufficiently state a claim for which relief can be granted.

2. For purposes of a Motion to Dismiss, The Court must accept the ***allegations*** of the complaint as true and considered in the light most favorable to the non-moving party. *Crocker v. Marks*, 856 So.2d 1123 (Fla. 4th DCA 2003); *Siegle v. Progressive* 819 So.2d 732 (Fla. 2002).

3. For purposes of a Motion to Dismiss, all ***facts*** of the complaint are accepted as true. *Orlovsky v. Solid Surf*, 405 So.2d 1363 (4th DCA 1981)

1

4. A complaint should not be dismissed unless movant can establish ***beyond any doubt*** that claimant could prove ***no*** set of facts *whatever* in support of his claim. *Ingalsebe v. Stewart*, 869 So.2d 30 (Fla. 4th DCA 2004); *Rohatynsky v. Kalogiannis*, 763 So.2d 1270 (Fla. 4th DCA 2000); *Hillman v. Wainer,* 636 So.2d 576 (Fla. 4th DCA 1994).

## ALTERNATIVE COUNTS

5. **Count II. OPEN ACCOUNT.** Defendant, in its Motion to Dismiss as to Plaintiff's Count II, Open Account, claims that "Open Account Claim Fails Where Express Contract Exists." Plaintiff's Count II for Open Account is specifically brought in Plaintiff's Complaint "In the Alternative" in order to comply with the Federal Rules. The Federal Rules of Civil Procedure, Rule 8(e)(2) specifically state that "A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses." Plaintiff has pleaded several counts in the alternative in its Complaint, in accordance with this Federal Rule. Plaintiff's claim for Open Account should not be dismissed at this juncture, as this Federal Rule also provides that "A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds." Since the Court shall construe the pleadings as to do substantial justice, Plaintiff's alternate Count II of Open Account should not be dismissed at this juncture simply because it is being brought as an alternative to the express contract claim because as many alternative counts may be pled in one pleading as may be brought with a good faith basis.

6. **Count V. UNJUST ENRICHMENT.** Defendant, in its Motion to Dismiss as to Plaintiff's Count V, Unjust Enrichment, claims that "Unjust Enrichment Claim Fails Where Express Contract Exists." Plaintiff's Count V for Unjust Enrichment is specifically brought in Plaintiff's Complaint "In the Alternative" in order to comply with the Federal Rules. The Federal

Rules of Civil Procedure, Rule 8(e)(2) specifically state that "A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses." Plaintiff has pleaded several counts in the alternative in its Complaint, in accordance with this Federal Rule. Plaintiff's claim for Open Account should not be dismissed at this juncture, as this Federal Rule also provides that "A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds." Since the Court shall construe the pleadings as to do substantial justice, Plaintiff's alternate Count V of Unjust Enrichment should not be dismissed at this juncture simply because it is being brought as an alternative to the express contract claim because as many alternative counts may be pled in one pleading as may be brought with a good faith basis.

## FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED

7. **Count III, ACCOUNTING.** Defendant, in its Motion to Dismiss as to Plaintiff's Count III, Accounting, claims Plaintiff's "Failure to Plead Elements For Accounting," specifically claiming that Plaintiff has failed to plead a fiduciary relationship exists or that the transactions at issue are complex. However, Plaintiff has pled in paragraph 32 of its Complaint that "The relationship between Plaintiff and Defendant is of a fiduciary character as to money, and the transactions at issue are so involved and complicated that a remedy at law is insufficient to administer complete justice because the Defendant has refused to allow Plaintiff to perform an accounting to ascertain Royalties due." Here in the instant matter, Plaintiff and Defendant do share a fiduciary relationship since they have a complex business transaction involving royalties and other continuing obligations as set forth in the contract attached to Plaintiff's Complaint. Plaintiff has properly pled the elements for this Count in its Complaint, and this Count is also

pled in the alternative. Again, it is well established at law that for purposes of a Motion to Dismiss, The Court must accept the *allegations of the complaint as true* and considered in the light most favorable to the non-moving party. *Crocker v. Marks*, 856 So.2d 1123 (Fla. 4th DCA 2003); *Siegle v. Progressive* 819 So.2d 732 (Fla. 2002). Plaintiff's alternate Count III of Accounting should not be dismissed at this juncture because it is being brought as an alternative to the breach of contract claim, and the proper elements supporting such a cause of action have been properly pled and will be shown at trial.

8. **Count VI. EQUITABLE LIEN.** Next, Defendant attempts to imply that an equitable lien is only granted on real property by stating "granting an equitable lien would be inappropriate because equitable liens are applied to real property." In fact, the Supreme Court of Florida has repeatedly found that "the doctrine of equitable liens has a wide application in administering rights and remedies peculiar to equity jurisprudence." *Jones v. Carpenter,* 106 So. 127 (Fla. 1925) While it is true that equitable liens *can* apply to real property, the Florida Supreme Court has incorporated in its syllabus written regarding equitable liens, a definition of equitable lien which embodies its special nature, as follows:

> "An equitable lien is not an estate or property in the thing itself nor a right to recover the thing; that is a right which may be the basis of a possessory action. It is simply a right of a special nature over the thing, which constitutes a charge or encumbrance upon the thing, so that the very thing itself may be proceeded against in an equitable action..." *Jones v. Carpenter,* 106 So. 127 (Fla. 1925) quoting *Society of Shakers v. Watson,* 68 F. 730 (KY 6th 1895).

Here we can clearly see that an equitable lien is of a special nature, and can be applied in the Court's discretion to ANY property of ANY nature, so this claim is not beyond the reach or discretion of the Court. Defendant also claims that an "Action for equitable lien fails where adequate remedy at law exists" but this statement is inaccurate in light of the fact that the Florida Supreme Court has unequivocally stated that "Equitable liens exists independently of any

4

express agreement." *Id. 127.* Here Plaintiff and Defendant entered into a contract whereby Defendant was to pay to Plaintiff continuing Royalties, showing that Plaintiff and Defendant share a common interest in the sale of Defendant's products, and also share in the profits of said sales of products. To place an equitable lien on said profits as the "property" against which an equitable lien is requested, is well within the acceptable discretion of the Court, particularly in light of the fact that these "profits" already belong to Plaintiff pursuant to the contracts between Plaintiff and Defendant. Plaintiff's Count IV for Equitable Lien should not be dismissed at this juncture because the proper elements supporting such a cause of action have been properly pled in Plaintiff's Complaint, such a measure is well within the discretion of the Court to reach substantial justice in this matter, and alleged facts of the Complaint will be shown at trial.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter an Order Denying the Defendant's Motion to Dismiss First Amended Complaint or treating the Motion as a Motion for Summary Judgment, or in the alternative, granting Plaintiff leave to amend; Awarding attorney's fees and costs to the extent allowable under the law to the Plaintiff pursuant to Fed.R.Civ.Proc. Rule 56(g); and entering any other relief to the Plaintiff as the Court may deem appropriate and just under the circumstances.

s/Patricia Klein, Esq.<br>
Patricia Klein, Esq. (Fla. Bar Number 975516)

## Certificate of Service

I hereby certify that on March 31, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                              s/Patricia Klein, Esq.
                                              Patricia Klein, Esq. (Fla. Bar Number 975516)
                                              Attorney E-mail address: patriciak@pkleinlaw.com
                                              PATRICIA KLEIN, P.A.
                                              2001 W. Sample Road, Suite 412
                                              Pompano Beach, Florida  33064
                                              Telephone: (954) 935-3171
                                              Facsimile:  (954) 691-2169
                                              *Attorneys for Plaintiff*

SERVICE LIST
Immediate Capital Group, Inc. d/b/a Incredible Discoveries
v. Spongetech Delivery System, Inc.,

Case No. 10-CV-60059-Huck-O'Sullivan
United States District Court, Southern District of Florida


**Stephen A. Mendelsohn**
Greenberg Traurig, P.A.
5100 Town Center Circle
Suite 400
Boca Raton, FL 33486
T: 561-955-7629
F: 561-338-7099
Email: mendelsohns@gtlaw.com
*Attorneys for Defendant*
VIA U.S. Mail & CM/ECF


Patricia Klein
PATRICIA KLEIN, P.A.
2001 W Sample Road
Suite 412
Pompano Beach, Florida 33064
T: 954-935-3171
F: 954-691-2169
Email: patriciak@pkleinlaw.com
*Attorneys for Plaintiff*