UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

Case No:  10-CV-60059 HUCK/O'Sullivan

IMMEDIATE CAPITAL GROUP, INC.,
A Florida corporation, d/b/a INCREDIBLE
DISCOVERIES,

      Plaintiff,

v.

SPONGETECH DELIVERY SYSTEM,
INC., a Delaware corporation,

      Defendant.

_____/

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS
MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Defendant, SPONGETECH DELIVERY SYSTEMS, INC. ("Spongetech"), pursuant to

Fed. R. Civ. P. 12(b)(6) submits this Reply Memorandum of Law in Further Support of Its

Motion to Dismiss Counts II, III, IV, and V of the First Amended Complaint ("Amended

Complaint") [DE-18], and states as follows:

## I.      PRELIMINARY STATEMENT

In its March 26, 2010 Motion to Dismiss ("MTD") [DE-21], Spongetech presented this

Court with compelling reasons for dismissing Counts II, III, IV, and V of the Amended

Complaint.  In its March 31, 2010 Response To Defendant's Motion To Dismiss Plaintiff's First

Amended Complaint ("Response") [DE-22], Plaintiff, Immediate Capital Group, Inc., ("ICG")

merely restates the standard for a motion to dismiss and the right to file alternative pleadings.  In

fact, all but one of the cases cited in ICG's Response apply solely to the standard on a motion to

dismiss and the right to plead in the alternative.  Spongetech does not challenge ICG's right to plead in the alternative.  The authorities cited by Spongetech in its MTD require dismissal of the four named counts because each of these counts is inherently flawed.  ICG's Response fails to distinguish any of the authorities cited by Spongetech.  While ICG's Response correctly states that this Court must accept all the allegation of the complaint as true when evaluating a motion to dismiss, ICG's Response fails to rebut the dispositive arguments raised in Spongetech's MTD.  Accordingly, as stated in further detail below, this Court should grant the MTD and dismiss the Amended Complaint.

## II.   ARGUMENT

### A.   The Response Fails To Address The Existence Of An Express Contract, Requiring Dismissal of Count II - Open Account.

In its MTD, Spongetech explained in detail, with supporting case law, that the elements for open account are not adequately pled where the count incorporates the allegation of an express contract.  See MTD at p. 3.  In its Response, ICG only responds by claiming the right to plead causes of action in the alternative.  See Response ¶ 5.  While a plaintiff may bring causes of action in the alternative, ICG's "Count II - Open Account" fails to plead a cause of action.  ICG begins its open account claim by incorporating all of its factual allegations, see Amended Complaint ¶ 24, thereby expressly including the allegation of an express contract between the parties.  See Amended Complaint ¶ 10.  Paragraph 24 of ICG's Amended Complaint also incorporates all of the factual allegations detailing the terms of the alleged contract.  See Amended Complaint ¶¶ 11-14, 16, 24.  The open account claim also refers to the Agreements by citing to paragraph 11 for an explanation of the amounts allegedly due under the contracts.  See Amended Complaint ¶¶ 11, 27.  ICG's action for open account fails to meet the required elements because it includes these allegations of an express contract; a fatal flaw that requires

dismissal of the open account claim for this reason alone.  See MTD at p. 3, citing Morse, LLC v. United Wisconsin Life Ins. Co., 356 F. Supp. 2d 1296, 1299-1300 (S.D. Fla. 2005) (dismissing open account claim because the count incorporated allegations that an express contract existed and did not allege an expectation of future transactions); H & H Design Builders, Inc. v. Travelers' Indem. Co., 639 So. 2d 697, 700 (Fla. 5th DCA 1994).  ICG has improperly incorporated the allegations of an express contract into its open account claim.  Thus, under the reasoning provided by this Court in the similar case of Morse cited above, ICG's open account claim should be dismissed.

**B.**     **The Response Fails To Address The Existence Of An Express Contract, Requiring Dismissal of Count V - Unjust Enrichment.**

The incorporation of allegations evincing an express contract also require the dismissal of ICG's unjust enrichment claim.  See MTD at p. 7.  Once again, ICG merely responds by claiming the right to plead causes of action in the alternative.  See Response ¶ 6.  While a plaintiff may bring causes of action in the alternative, ICG's "Count V - Unjust Enrichment" is also inherently flawed.  As with its open account claim, ICG begins its unjust enrichment claim by incorporating all of its factual allegations, see Amended Complaint ¶ 40, thereby expressly including the allegation of an express contract between the parties.  See Amended Complaint ¶ 10.  The unjust enrichment count also incorporates all of the factual allegations detailing the terms of the alleged contract.  See Amended Complaint ¶¶ 11-14, 16, 40.  In addition, the unjust enrichment claim also expressly refers to the Agreements when discussing the benefit allegedly conferred.  See Amended Complaint ¶ 42.  ICG fails to plead the elements for unjust enrichment because it includes the allegations of an express contract; thereby requiring dismissal of the unjust enrichment claim.  See MTD at p. 7, citing Degirmenci v. Sapphire-Fort Lauderdale, LLLP, No. 09-60089-CIV, 2010 WL 342256, at *15 (S.D. Fla. 2010) (dismissing unjust

enrichment count where parties did not dispute the existence of an express contract) (citing Tracfone Wireless, Inc. v. Access Telecom., Inc., 642 F. Supp. 2d 1354, 1366 (S.D. Fla. 2009)). As this Court held in Degirmenci, ICG's claim for unjust enrichment should be dismissed because an express contract exists.

**C.     The Response Fails to Rebut Any of the Arguments Stated in the MTD Requiring Dismissal of Count III - Accounting.**

ICG's Amended Complaint fails to properly plead the elements for an accounting.  As stated by Spongetech in its MTD, an action for an accounting under Florida law, requires the plaintiff to plead facts showing that: (1) a fiduciary relationship exists or that the transactions at issue are complex; and (2) the remedy at law is inadequate.  American United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1071 (11th Cir. 2007).  In its Response, ICG merely reiterates the conclusory allegations that a fiduciary relationship existed, the transaction was complex, and no remedy at law is adequate.  See Response ¶ 7; Amended Complaint ¶ 32.  ICG makes these conclusory allegations solely on the basis that the contract between the parties involves royalty payments.  See Response ¶ 7.  ICG's argument is without merit.  An arms-length transaction does not become complex or create a fiduciary relationship simply because it involves royalty payments; instead, a plaintiff must show that the transaction is so complicated that a jury would be unable to unravel the transaction.  See Managed Care Solutions v. Essent Healthcare, Inc., No. 09-60351-PAS, 2010 WL 309038 at *4 (S.D. Fla. Jan. 25, 2010) (dismissing accounting claim where evidentiary facts alleged in complaint failed to show complexity or the lack of a legal remedy).  As this Court held in Managed Care, the potential damage calculation in this case is "outlined with specificity in the Agreement[s] and is not complicated;" it is simply a percentage of collections.  Id.  Once again, ICG has failed to meet its burden, which is increased in federal court because special masters may be appointed to assist juries, and "it will indeed be a

rare case in which it [the burden] can be met." Id. at *4 (citing Dairy Queen, Inc. v. Wood, 369 U.S. 469, 478 (1962)).  ICG has not addressed or distinguished these dispositive authorities. ICG has failed to plead facts that support the existence of a fiduciary relationship or that show the complexity of the transaction would be too great for a jury and a special master.  Therefore, ICG's conclusory allegations are insufficient to pled the existence of a complex transaction or a fiduciary relationship.

Moreover, ICG's conclusory allegation that the transaction was complicated does not trump other contrary factual allegations in the Amended Complaint.  Id.  Yet again, ICG has pled the existence of a contract involving royalty payments and incorporated those allegations into its accounting claim.  See Amended Complaint ¶¶ 10-14; 30.  The allegations of a simple contract trump ICG's conclusory allegation of a complex transaction, which requires the dismissal of ICG's accounting claim for failure to pled the elements.

Finally, an accounting claim is not appropriate where a party will be able to prove its damage claim through information learned in discovery.  Managed Care Solutions, 2010 WL 309038 at *5 (dismissing accounting claim even though damage calculation would require discovery of defendant's records).  ICG is seeking an accounting allegedly because Spongetech has refused to allow ICG to perform an accounting to ascertain the amount due under the contract.  See Response ¶ 7.  As in Managed Care, if ICG is able to prove its breach of contract claims, the amount due under the contract will be determined based on the information ICG is able to learn through discovery.  Thus, the accounting claim should also be dismissed because discovery would provide a sufficient basis for a damage calculation, should damages be awarded.  In fact, because discovery would provide ICG with the information necessary to calculate any damages due under the contract, ICG's own pleading shows that the second

element of an accounting claim, the lack of an adequate remedy at law, cannot be met.

ICG's accounting claim should be dismissed for several reasons. First, ICG failed to plead facts showing the existence of a fiduciary relationship or sufficient complexity of the transaction. Second, the facts alleged by ICG evince a simple transaction between parties contracting at arms-length, which trumps ICG's conclusory allegations to the contrary. See Amended Complaint ¶ 11 (alleging that ICG was to be paid a percentage on sales less returns or uncollectable amounts). Third, the amounts alleged to be due under the Agreements will be easily determinable based on the information available to ICG through discovery. Fourth, the facts pled by ICG show that the potential remedy at law is adequate. Finally, ICG has failed to distinguish the cases cited by Spongetech in its MTD, where this Court has dismissed accounting claims under similar facts.

**D.    The Response Fails to Rebut The Argument Stated in the MTD Requiring Dismissal of Count IV - Equitable Lien.[1]**

ICG begins its Response by attacking Spongetech's argument that an equitable lien is inappropriate here because they are applied to real property. See Response ¶ 8. ICG relies on the dicta from Jones v. Carpenter, 106 So. 127 (Fla. 1925) as its only support. But ICG's reliance is misplaced because Jones involves the application of an equitable lien to **real** property. Id. at 128-29. ICG is seeking an equitable lien on profits made from the sale of Spongetech's products, but ICG has failed to cite any authority showing the application of an equitable lien to something other than real property. ICG relies on the syllabus of a case from 1925, but fails to cite a subsequent case applying an equitable lien to property other than real property.

---

[1] The fourth count of ICG's Complaint and First Amended Complaint seeking an equitable lien is titled "Count VI - Equitable Lien." In its MTD and this Reply, Spongetech refers to this fourth count as "Count IV - Equitable Lien."

In its MTD, Spongetech explained that an equitable lien is inappropriate where an adequate remedy at law exists. See MTD pp. 5-6. In its Response, ICG claims that this is inaccurate, citing again to dicta in Jones, which states in part that an "[e]quitable lien exists independently of any express agreements." Jones, 106 So. 127 (Syllabus of the Court). ICG misinterprets this quote, which merely refers to the fact that such an action is a right in equity that may be brought to prevent unjust enrichment where a remedy at law is inadequate. Id. In fact, as cited by Spongetech in its MTD, this Court has recently confirmed that an equitable lien is an extraordinary remedy, which is not available where an adequate remedy at law exists. See MTD pp. 5-6; Ben-Yishay v. Mastercraft Development, LLC, 553 F. Supp. 2d 1360, 1373 (S.D. Fla. 2008) (dismissing claim for an equitable lien where an adequate remedy at law existed); In re Johnson, 336 B.R. 568, 571 (Bankr. S.D. Fla. 2006) (recognizing that an equitable lien is an extraordinary remedy, which should only be applied where the law fails to give relief and injustice would result if the lien was not imposed). ICG has failed to distinguish or rebut these cases in its Response.

An equitable lien may only be granted if (1) a written contract indicates the intention to charge particular property with a debt or (2) a court grants an equitable lien in equity to ensure justice in a particular case. See Degirmenci, 2010 WL 342256, at *15 (dismissing claim for equitable lien because written contract showed no evidence of an intent to create a lien on the property); see also In re Performance Leasing Corp., of Collier County, 385 B.R. 317, 325-26 (Bankr. M.D. Fla. 2008) (stating that an equitable lien is a "right granted by a court of equity, arising by reason of the conduct of the parties affected, that would entitle one party as a matter of equity to proceed against certain property"). As stated in Spongetech's MTD, ICG has failed to meet these elements. See MTD pp. 5-6. First, the written contract does not show an intention to

impose a lien on any property.  Second, an equitable lien is an extraordinary equitable remedy, meaning that it should not be applied where an adequate remedy at law exists.  If ICG is able to prove its breach of contract claims, it will have an adequate remedy at law under the contract. See Amended Complaint ¶¶ 22-23.  Therefore, ICG's equitable lien claim should be dismissed because ICG has failed to properly pled the grounds for such extraordinary relief.

## CONCLUSION

Counts II, III, IV, and V of ICG's Complaint should be dismissed for failure to state a claim and the reasons set forth above.

Dated: April 7, 2010,  Boca Raton, Florida

GREENBERG TRAURIG, P.A.
*Counsel for Defendant*
5100 Town Center Circle, Suite 400
Boca Raton, Florida  33486
Telephone:  561.955.7629
Facsimile:  561.338.7099

/s/ Stephen A. Mendelsohn
Florida Bar No:  849324
*mendelsohns@gtlaw.com*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed and served via CM/ECF this 7th day of April, 2010 on the undersigned counsel for the Plaintiff.
Patricia Klein, Esquire
*patriciak@pkleinlaw.com*
PATRICIA KLEIN, P.A.
2001 W. Sample Road, Suite 412
Pompano Beach, Florida  33064
Phone:  (954) 935-3171

/s/ Stephen A. Mendelsohn
GREENBERG TRAURIG, P.A.
*Counsel for Defendant*
5100 Town Center Circle, Suite 400
Boca Raton, Florida  33486
Telephone:  561.955.7629
Facsimile:  561.338.7099
*mendelsohns@gtlaw.com*